# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MIGUEL ESPINOZA HULKE,<br><br>                         Petitioner,<br><br>v.<br><br>DALE J. SCHMIDT, *in his official capacity as Dodge County Sheriff*, and HENRY LUCERO, *in his official capacity as Field Office Director, Chicago Field Office, U.S. Immigration and Customs Enforcement*,<br><br>                         Respondents. | Case No. 21-CV-845-JPS<br><br>**ORDER** |

On July 15, 2021, petitioner Miguel Espinoza Hulke ("Hulke") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2243. (Docket #1). The petition alleges that Hulke, who is in immigration removal proceedings, has been detained in violation of his due process rights under the Fifth Amendment. As an initial matter, the Court must screen Hulke's petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to examine and dismiss the petition if "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief."[1]

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings and Civil Local Rule 9(a)(2) give this Court the authority to apply the Rules Governing Section 2254 Cases to other habeas corpus cases, such as § 2241 petitions.

1.      PROCEDURAL BACKGROUND

Hulke, a Peruvian citizen, has been in removal proceedings for the past seven years. (Docket #1 ¶ 25). According to the petition, Hulke suffered persecution for his sexual orientation in Peru. When he was fourteen years old, he came to the United States to visit his sister, who had been adopted by an American family. The American family wished to adopt Hulke, but a translation error at the Peruvian embassy led the family to believe that they could not adopt him until he turned eighteen. On his eighteenth birthday, when the American family attempted to adopt Hulke, they were informed that it was too late. In 2012, after Hulke was convicted of driving under the influence ("DUI"), the Department of Homeland Security ("DHS") placed Hulke in removal proceedings. After a brief detention in DHS custody, Hulke was released on bond to fight his case in immigration court. Hulke's asylum, withholding of removal, and Convention Against Torture ("CAT") claims are currently on appeal before the Seventh Circuit, which granted a stay of Hulke's removal pending the outcome of his case. (*Id.* ¶¶ 23, 24).

In 2019, due to a variety of factors, Hulke suffered an alcohol relapse and was arrested for another DUI—his first in six years. He served a six-month sentence for the conviction. After he completed his sentence, Hulke was transferred to Immigration and Customs Enforcement ("ICE") custody on December 3, 2019, where he has remained incarcerated.

At a bond hearing in the spring of 2020, Hulke's previous immigration attorney—whose alleged failings are the subject of Hulke's appeal before the Seventh Circuit—neglected to secure Hulke's parents' testimony. Hulke also alleges that the immigration judge ("IJ") applied an incorrect legal standard in determining whether Hulke should be detained. The IJ denied bond. Hulke has made several requests to be released, all of

which were denied in standard, *pro forma* letters. Hulke has now been in ICE custody for nearly 21 months.

## 2. JURISDICTION AND EXHAUSTION

### 2.1 Jurisdiction

Hulke is detained pursuant to 8 U.S.C. § 1226(a)(1), which provides that, subject to certain criminal convictions not alleged to be at issue here, "an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States[.]" (emphasis added). The attorney general has discretion to either "continue to detain the arrested" individual or release the individual on bond or conditional parole. 8 U.S.C. § 1226(a)(2). While the exercise of discretionary judgment is not, itself, subject to review, *id.* § 1226(e), courts may consider "challenges [to] the statutory framework that permits . . . detention without bail." *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).[2] In other words, the Court has jurisdiction to consider constitutional challenges, including habeas petitions, regarding the statute's application. *Id.* at 517. Hulke filed a habeas petition claiming that his detention violates his Fifth Amendment rights; therefore, the Court has jurisdiction over the matter.

---

[2]Although *Demore* dealt with application of 8 U.S.C. § 1226(c), which requires mandatory detention for a certain class of deportable individuals, the Supreme Court's rationale for permitting court review of constitutional challenges to the statute's framework applies with equal force to 8 U.S.C. § 1226(a)—indeed, "where a provision precluding review is claimed to bar habeas review, the Court has required a particularly clear statement that such is Congress' intent." *Demore*, 538 U.S. at 517. "Section 1226(e) contains no explicit provision barring habeas review," and it clearly "does not bar [Hulke's] constitutional challenge to the legislation authorizing his detention without bail." *Id.*

## 2.2 Exhaustion

In general, a "common-law exhaustion rule applies to § 2241 actions." *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). This is noteworthy because while "statutory exhaustion requirements are mandatory . . .the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015 (7th Cir. 2004) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)). Because § 1226(a) does not require exhaustion for preliminary custody or bond determinations, the Court will apply common law. *Id.* (citing *Gornicka v. INS*, 681 F.2d 501, 505 (7th Cir. 1982)) *c.f.* 8 U.S.C. § 1252(d)(1) (requiring administrative exhaustion for final removal orders).[3]

At common law, Hulke is required to appeal his detention to the Board of Immigration Appeals (the "BIA") unless an exception applies. Exhaustion may be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

---

[3]Hulke's case does not have a final removal order because the Seventh Circuit stayed removal and has yet to enter a final order. 8 U.S.C. § 1231(a)(1)(B) ("If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [the removal period begins on] the date of the court's final order[.]"). Therefore, he remains detained under § 1226(a). *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018) (holding that Section 1226 governs when an individual "has been granted a stay of removal while his petition for review is pending").

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)). Perhaps given the second and fourth exceptions, the Seventh Circuit specifically recognizes that "an exception to the exhaustion requirement has been carved out for constitutional challenges to Agency procedures because the BIA has no jurisdiction to adjudicate constitutional issues." *Id.*

In the present case, Hulke challenges the constitutionality of his detention. This is a substantial constitutional question that the BIA would be powerless to resolve. Therefore, Hulke is excused from exhaustion.

### 3. CLAIMS ARE NOT FRIVOLOUS.

Hulke advances two theories for relief under 28 U.S.C. § 2241: first, that his bond was denied because the IJ applied an unconstitutional standard at the bond hearing; second, that his continued detention is unconstitutionally prolonged. *See Dubon Mirandai v. Barr*, 463 F. Supp. 3d 632, 645–47 (D. Md. 2020) (discussing the government's burden at bond hearings); *Velasco Lopez v. Decker*, 978 F.3d 842, 855–57 (2d Cir. 2020) (discussing due process requirements when the government pursues a continued detention). Without addressing the merits of the claims, the Court finds that Hulke's claims are not frivolous, and he must be afforded the opportunity to proceed.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall effect service of the petition and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within twenty (20) days of entry of this Order, Respondents shall file either an appropriate motion seeking dismissal of this action or

answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondents file an answer, then a hearing will be set on the parties' submissions within seven (7) days of Respondents' answer.

3. If Respondents file a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have twenty-one (21) days following the filing of Respondents' dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

   b. Respondents shall have ten (10) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondents must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge